UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRYSTAL SPICER,
on behalf of minor T.M.S.,

       Plaintiff,

v.

                                Civil Case No. 15-11038
                                Honorable Linda V. Parker

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## OPINION AND ORDER

On August 31, 2012, Plaintiff, on behalf of her minor child T.M.S., applied for Supplemental Security Income ("SSI") under the Social Security Act, alleging a disability onset date of August 1, 2012. The Social Security Administration denied Plaintiff's application for benefits initially. Upon Plaintiff's request, Administrative Law Judge Jessica Inouye ("ALJ") conducted a de novo hearing on September 30, 2013. The ALJ issued a decision on November 22, 2013, finding T.M.S. not disabled within the meaning of the Social Security Act and therefore not entitled to benefits. The ALJ's decision became the final decision of the Social Security Commissioner ("Commissioner") when the Social Security Appeals Council denied review.

On March 19, 2015, Plaintiff initiated the pending action challenging the Commissioner's decision. On March 26, 2015, the matter was referred to Magistrate Judge Patricia T. Morris "for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C)." (ECF No. 3.) The parties subsequently filed cross-motions for summary judgment. (ECF Nos. 10, 13.)

On April 19, 2016, Magistrate Judge Morris issued a Report and Recommendation (R&R) in which she recommends that this Court deny Plaintiff's motion for summary judgment and grant the Commissioner's motion. (ECF No. 14.) Magistrate Judge Morris first rejects Plaintiff's arguments that the ALJ erred by giving great weight to the opinion of consultative examiner Nick Boneff, Ph.D., LP, and state agency consultant Rose Moten, Ph.D. (*Id*. at Pg ID 479-83.)

Magistrate Judge Morris next addresses Plaintiff's assertion that substantial evidence does not support the ALJ's analysis of T.M.S.'s functionality with respect to three of the six relevant domains: acquiring and using information, attending and completing tasks, and interacting and relating with others. (*Id*. at Pg ID 483-87.) Magistrate Judge Morris finds substantial evidence supporting the ALJ's conclusion, including the opinion of T.M.S.'s first grade teacher, Susan Harris, whose opinion Plaintiff claimed supported a contrary finding. (*Id*.) The magistrate

judge notes that while Harris did find that T.M.S. had very serious problems in certain domains, Harris indicated that T.M.S. functions more normally on medication. (*Id.*). Although recognizing that Plaintiff offered contradictory evidence, Magistrate Judge Morris finds no error in the ALJ's decision to give this contradictory testimony only some weight. (*See id.* at Pg ID 480-81.)

Lastly, Magistrate Judge Morris addresses Plaintiff's request for a sentence six remand for the Commissioner to consider additional evidence, specifically records from Children's Hospital regarding a December 11, 2013 incident in which Plaintiff's shirt caught fire while she was playing with a lighter, resulting in burns on her left flank and chest. Magistrate Judge Morris found that the evidence was new, but not material, and therefore that a sentence six remand was not justified. (*Id.* at Pg ID 489-90.) Magistrate Judge Morris reasoned that it was unclear from the records whether T.M.S. lit her shirt on fire accidentally or intentionally and whether T.M.S. was taking her medication at the time of the incident. (*Id.* at Pg ID 489.)

At the conclusion of the R&R, Magistrate Judge Morris advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. (*Id.* at Pg ID 490.) Plaintiff filed objections to the R&R on May 3, 2016. (ECF No. 15.) The Commissioner filed a response to those objections on May 11, 2016. (ECF No. 16.)

## **Standard of Review**

The Social Security Act provides:

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . The court shall have the power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.  The findings of the Commissioner of Social Security as to any fact, if supported by *substantial evidence*, shall be conclusive . . .

42 U.S.C. § 405(g) (emphasis added); *see also Boyes v. Sec'y of Health and Human Servs.*, 46 F.3d 510, 511-12 (6th Cir. 1994).  "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  If the Commissioner's decision is supported by substantial evidence, the reviewing court must defer to that decision " 'even if there is substantial evidence in the record that would have supported an opposite conclusion.' " *Longworth v. Comm'r of Soc. Sec. Admin*. 402 F.3d 591, 596 (6th Cir. 2005) (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)).

The court reviews de novo the parts of an R&R to which a party objects. *See* Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001).  However, the Court "is not required to articulate all the reasons it rejects a party's objections." *Id*.

4

## **Plaintiff's Objections**

In her objections to the R&R, Plaintiff argues that "[t]he Magistrate Judge erred in relying solely upon evidence as to TMS' behavior on medication, where the record makes clear that she was not always on medication and her behavior at such periods was also significant to that analysis." (ECF No. 15 at Pg ID 493.) Plaintiff points to a notation in the treatment notes from Summit Pediatrics to contend as well that T.M.S.'s medications wore off at school, arguing that "this demonstrates that the medications were not a total panacea." (*Id.* at Pg ID 494.) Plaintiff contends the magistrate judge disregarded evidence supporting a finding that T.M.S. had ongoing problems affecting all the domains when analyzing whether she was disabled under the Social Security Act. Plaintiff points to Magistrate Judge Morris' handling of her request for a sentence six remand as "[p]erhaps the best example of th[is] error." (*Id.* at Pg ID 495.) Plaintiff maintains that the December 11, 2013 incident was a "very serious and quite frightening incident" and that it does not matter whether it occurred with T.M.S. was on medication. (*Id.*)

## Analysis

As outlined in the ALJ's decision and Magistrate Judge Morris' R&R, there was substantial evidence in the record establishing that T.M.S., when on medication, had less than marked limitation in the six domains of functioning. In her decision, the ALJ acknowledged the evidence reflecting that T.M.S. did not always take her medication and that there was a significant change in her functioning on those occasions. (*See, e.g.*, ECF No. 7-2 at Pg ID 55-56.) Nevertheless, this evidence does not detract from the substantial evidence supporting the ALJ's decision that, when following prescribed treatment T.M.S. was not disabled.

The Social Security Regulations provide in relevant part that in order to receive SSI benefits, a child claimant "must follow treatment prescribed by [his or her] physician … if the treatment can reduce [the claimant's] functional limitations so that they are no longer marked and severe." 20 C.F.R. § 416.930(a). The regulations continue that "[i]f you do not follow the prescribed treatment without a good reason, we will not find you disabled . . .." *Id*. § 416.930(b).[1] At the

---

[1] According to the Social Security Regulations, acceptable means for failing to follow prescribed treatment include "mental, educational, and linguistic limitations" of the claimant. 20 C.F.R. § 416.930(c). As examples of a good reasons, the regulations list:

(cont'd . . .)

administrative hearing, T.M.S. and Plaintiff testified that T.M.S. experienced no side effects from her medication. (ECF No. 7-2 at Pg ID 78, 98.) They also testified that T.M.S. had no difficulty sleeping. (*Id.* at 78, 100.) Plaintiff does not suggest any reason-- much less a good reason-- why T.M.S. fails to take her medication on a regular basis. As such, a finding of disability cannot be based on T.M.S.'s behavior when she is not medicated.

Nevertheless, Plaintiff argues that there is evidence reflecting occasions when T.M.S.'s medication did not seem to improve her behavior. The ALJ acknowledged this evidence in her decision, which included Plaintiff's testimony

---

> (1) The specific medical treatment is contrary to the established teaching and tenets of your religion.
>
> (2) The prescribed treatment would be cataract surgery for one eye when there is an impairment of the other eye resulting in a severe loss of vision and is not subject to improvement through treatment.
>
> (3) Surgery was previously performed with unsuccessful results and the same surgery is again being recommended for the same impairment.
>
> (4) The treatment because of its enormity (e.g. open heart surgery), unusual nature (e.g., organ transplant), or other reason is very risky for you; or
>
> (5) The treatment involves amputation of an extremity, or a major part of an extremity.

*Id.*

7

and notations in the Summit Pediatric progress notes. (ECF No. 7-2 at Pg ID 52, 54.) The information contained in the records from Summit Pediatric, however, reflect only Plaintiff's reports. (*See* Ex. 9F/4, 9, 10.) The ALJ did not fully credit Plaintiff's testimony and provided valid reasons for not doing so. As such, this evidence did not detract from the ALJ's finding that T.M.S. does not have marked limitation in functioning in any of the relevant domains.

Despite this conclusion, the Court finds a reasonable probability that Plaintiff's undisputedly new and previously unavailable evidence may have caused the ALJ to reach a contrary conclusion if the evidence had been presented.[2] *See Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). This evidence consists of records from Children's Hospital of Michigan, reflecting that T.M.S., after becoming angry when her siblings would not play with her, began playing with a lighter and subsequently lit her shirt on fire. This resulted in burns to T.M.S.'s left flank and chest. It is not evident from the record whether T.M.S. was on her medication at the time of the incident. If T.M.S. was taking her medication at the

---

[2] Remand under sentence six of 42 U.S.C. § 405(g) requires that the evidence be both new and material, and that there was good cause for not presenting it in the prior proceeding. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir.2001). Evidence is "new" only if it was not in existence or was not available prior to the ALJ's decision. *Id*. Such evidence is "material" if there is a reasonable probability that the ALJ would have reached a different decision had the additional evidence been presented. *Id*.

time, this may significantly undermine the ALJ's previous determination that, when medicated, T.M.S. had less than marked limitation in the six domains of functioning. As such, the Court finds a remand under sentence six of 42 U.S.C. § 405(g) appropriate.

For the above reasons, the Court rejects in part and accepts in part Plaintiff's objections to Magistrate Judge Morris' April 19, 2016 R&R. Therefore, the Court adopts in part and rejects in part the recommendations in the R&R.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment (ECF No. 10) is **GRANTED IN PART AND DENIED IN PART**;

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment (ECF No. 13) is **DENIED**;

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Commissioner for further proceedings pursuant to sentence six of 42 U.S.C. § 405(g) and **ADMINISTRATIVELY CLOSED**;

**IT IS FURTHER ORDERED** that this Court retains jurisdiction pending the completion of further administrative proceedings on remand, and that the Commissioner is directed to file the results of the post-remand proceedings with

the Court

                                        s/ Linda V. Parker
                                        LINDA V. PARKER
                                        U.S. DISTRICT JUDGE

Dated: September 28, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 28, 2016, by electronic and/or U.S. First Class mail.

                                        s/ Richard Loury
                                        Case Manager